(263 P.3d 194)
No. 104,990

TINA C. RAUSCH, *Appellant*, v. SEARS ROEBUCK & CO., and
INDEMNITY INS. CO. OF NORTH AMERICA, *Appellees*.

. Opinion filed August 26, 2011.

*Roger A. Riedmiller*, of the Law Office of Roger A. Riedmiller, of Wichita, for appellant.

*Douglas M. Greenwald*, of McAnany, Van Cleave & Phillips, P.A., of Kansas City, for appellees.

Before GREENE, C.J., MARQUARDT and STANDRIDGE, JJ.

GREENE, C.J.: Tina C. Rausch appeals the denial by the Workers Compensation Board (Board) of her claim for benefits, arguing the Board failed to observe the proper standard of review in reversing the award of the administrative law judge (ALJ). We conclude there was no error and that the Board's findings are adequately supported by the evidence in the record as a whole. We thus affirm the Board.

### FACTUAL AND PROCEDURAL BACKGROUND

Rausch was employed by Sears Roebuck & Company (Sears) in Wichita as "receiving lead," a position principally involving unloading merchandise from trucks but also dealing with packages, scheduling, and in her words "anything and everything that needs to be moved around." In late 2007 and into early January 2008 she began to experience pain in her shoulders and neck. She reported this to her supervisors, but it is disputed whether she indicated to them that her condition had been caused by an injury on the job. In fact, this has become the principal issue in this appeal.

Sears accommodated Rausch, changing her job from one of physical labor to one of management and payroll. This accommodation apparently reduced the pain, but she claims to have contin-

ued to suffer from headaches, neck spasms, and sleepless nights. She was fired in late March 2008 due to "integrity issues" and responded with a statement that she would make Sears "pay for this" in a lawsuit. She filed her workers compensation claim in April 2008.

At a hearing before the ALJ, Rausch testified that she told her supervisors that her pain was work related, but Sears' witnesses denied this report. They testified that Rausch told them her problems were not work related, and her direct supervisor stated that he asked her "point blank" if she had been injured on the job and she said she was not.

The ALJ found that Rausch was entitled to benefits, finding in material part:

"This Court finds that it is more probable than not that the Claimant suffered personal injury by accident arising out of and in a course of her employment with the Respondent and the Respondent had notice of the Claimant's accidental injuries. It is unreasonable to believe that the supervisory personnel for the Respondent weren't aware of the Claimant's lifting duties at work and were aware that she was having shoulder problems, had been placed on restrictions, given limited duty, and were unaware that the work was causing the Claimant her physical problems.

"This Court finds that the date of the Claimant's work related injury was January 10, 2008, the date she reported these injuries to Grace Medical and returned to the Respondent with restrictions."

Sears and Rausch both appealed the ALJ's award to the Board. The Board reversed the ALJ and found that Rausch "did not meet her burden of proof to establish that she suffered an accidental injury arising out of and in the course of employment." In reaching this conclusion, the Board found:

"Initially, it is significant that claimant had filed a workers compensation claim against respondent before the instant alleged accidental injury. She was clearly aware of the procedure to file a claim for a work-related injury. But in this instance she sought medical treatment on her own and although she states otherwise, the respondent's representatives denied she either claimed a work-related injury or requested medical treatment. Instead, she told the supervisors that her shoulder problems were not work-related. . . .

"It is additionally significant to note that claimant's lifting duties were suspended in late 2007 and claimant agreed that after January 10, 2008, she did not lift over 5 pounds and her condition never worsened. And yet this is the same

time period claimant now alleges that lifting at work caused her injuries. More-over, the respondent's witnesses all questioned claimant and received the same response that her shoulder and neck problems were not work-related.

"It is simply not credible that claimant had told the various supervisors on multiple occasions that she had hurt her shoulder at work. . . . Finally, the cir-cumstances surrounding her termination raise further questions regarding claim-ant's credibility. The preponderance of the credible evidence establishes that claimant did not suffer accidental injury arising out of and in the course of her employment."

Rausch timely appeals the Board's decision.

## STANDARDS OF REVIEW

Our standard of review for cases under the Workers Compen-sation Act, K.S.A. 44-501 *et seq.*, is controlled by the Act of Judicial Review and Civil Enforcement of Agency Actions, K.S.A. 77-601 *et seq.* See K.S.A. 2010 Supp. 44-556. In 2009, this Act was amended and renamed the Kansas Judicial Review Act (KJRA). Review of an agency's factual findings is permitted under K.S.A. 2010 Supp. 77-621(c)(7), but the 2009 amendments revised our statutory standard of review for factual findings. We continue to determine whether the agency action is based on a determination of fact that is not supported by evidence that is substantial when viewed in light of the record as a whole, but our analysis is now altered from prior statutory mandate and case law in three ways: (1) We must review the evidence both supporting and contradict-ing the Board's findings; (2) we must examine the presiding offi-cer's credibility determination, if any; and (3) we must review the agency's explanation as to why the evidence supports its findings. *Redd v. Kansas Truck Center*, 291 Kan. 176, 182, 239 P.3d 66 (2010). The relevant portion of the amended statute states:

"(d) For purposes of this section, 'in light of the record as a whole' means that the adequacy of the evidence in the record before the court to support a particular finding of fact shall be judged in light of all the relevant evidence in the record cited by any party that detracts from such finding as well as all of the relevant evidence in the record, compiled pursuant to K.S.A. 77-620, and amendments thereto, cited by any party that supports such finding, including any determination of veracity by the presiding officer who personally observed the demeanor of the witness and the agency's explanation of why the relevant evidence in the record supports its material findings of fact. In reviewing the evidence in light of the

record as a whole, the court shall not reweigh the evidence or engage in de novo review." K.S.A. 2010 Supp. 77-621(d).

At issue in this appeal is that portion of the amended statute that requires our consideration of "any determination of veracity by the presiding officer who personally observed the demeanor of the witness." In the workers compensation context, the "presiding officer" is the ALJ, whereas the decision under review is that of the Board, which was not the fact finder but has itself reviewed the ALJ's decision on the record. Here, Rausch argues that the ALJ made a determination of veracity that was ignored by the Board, whereas Sears argues that the Board is not bound by any such determination and we must only consider the ALJ's determination of veracity in deciding whether the Board has adequately explained how or why the relevant evidence supports its decision.

We essentially agree with Sears on our standard of review and believe that Rausch has confused our standard with that of the Board. K.S.A. 2010 Supp. 77-621(c) has no application to the Board; the review by the board is to be "upon questions of law and fact as presented and shown by a transcript of the evidence and the proceedings as presented, had and introduced before the administrative law judge." K.S.A. 2010 Supp. 44-555c. It is then incumbent upon this court to apply the amended standards of K.S.A. 2010 Supp. 77-621 to the decision of the Board. Certainly, as noted by another panel of this court, it may the better practice for the Board to give its reasons when disagreeing with any credibility determinations of the ALJ. *Herrera-Gallegos v. H & H Delivery Service, Inc.*, 42 Kan. App. 2d 360, 362, 212 P.3d 239 (2009). Such practice is based on the Board's contemplation that its decision will be subject to judicial review with the amended standards of K.S.A. 2010 Supp. 77-621(c). We elaborate on our analysis as follows.

## DID THE BOARD ERR IN REVERSING THE AWARD OF THE ALJ?

The Board found that Rausch failed to sustain her burden to show that she suffered an accidental injury arising out of and in the course of employment. This was indeed Rausch's burden. See K.S.A. 2010 Supp. 44-501(a). In such matters, "burden of proof" means "the burden of a party to persuade the trier of facts by a

preponderance of the credible evidence that such party's position on an issue is more probably true than not true on the basis of the whole record." K.S.A. 2010 Supp. 44-508(g). To prove that her injury arose out of her employment with Sears, Rausch was required to show that a causal connection existed between her injury and the nature, conditions, obligations, and incidents of her work. See *Rinke v. Bank of America*, 282 Kan. 746, 752, 148 P.3d 553 (2006).

On appeal, Rausch contends that she sustained her burden with her own testimony, which was adduced live before the ALJ at a preliminary hearing. She testified that she "pulled a muscle and it just kept getting aggravated" and that it was caused by "the lifting and unloading the trucks." She told her general manager in the middle of January that she "couldn't handle the pain anymore of the injury that I had sustained unloading the trucks." She told "the HR person" that she had "gotten an injury while unloading one of the trucks." She generally testified that she let others at Sears know "what was going on and that it was job related" and this included two assistant managers. Finally, her treating physician testified that Rausch told him that she "had injured her neck and shoulders while unloading trucks for Sears in December 2007."

Rausch's testimony was contradicted by a number of Sears' witnesses, whose testimony was presented by deposition. Her general manager recalled a conversation with Rausch where she related her shoulder or neck pain, but when he asked her if it was work related, she said it was not. Similarly, the human relations manager was advised by Rausch of her pain, but when the manager asked if it was work related, Rausch said it was not. The operations manager observed Rausch having difficulties with her shoulders, but when he inquired if it was work related, she said it was not. And, finally, the loss prevention manager recalled Rausch advising him of difficulties with lifting activities, but when he inquired if it was work related, she said it was not. None of the Sears' witnesses indicated that Rausch told them of any work relationship to her shoulder or neck pain.

Our task is not to weigh the competing evidence, but rather to focus on the Board's material findings in light of the record as a

whole and to examine the Board's explanation of why the relevant evidence in the record supports those findings. The parties' briefs on appeal are essentially so focused and discuss the Board's reasons for concluding that Rausch had not sustained her burden.

First, the Board found that it was not credible that Rausch had told various supervisors on multiple occasions that she had hurt her shoulder at work because she had prosecuted a prior workers compensation claim and knew the procedure, yet she failed to institute such a claim here until after she was terminated. Sears argues that "this difference in approach at least supports an inference, in light of the entire record, that Claimant herself did not contend or believe that her shoulder and neck problems were work-related." We agree and consider this a legitimate reason for the Board to disbelieve that Rausch had suffered a work-related injury.

Second, the Board found that Rausch's credibility was questionable given her claim of an injury sustained through the last day she worked in March 2008, whereas her direct supervisor testified that her initial complaints were made in September 2007 and that she was relieved of all job tasks that might cause such pain. As argued by Sears on appeal:

"There were considerable chronology issues raised by when Claimant reported symptoms, when Claimant ceased performing physically demanding job tasks, when medical treatment was sought, what Claimant originally asserted to be date of accident, and by inconsistencies in Claimant's sworn testimony about whether there was worsening of her medical condition in the months prior to her termination from employment."

Again, we agree and consider these chronology issues as legitimate reasons for the Board to question Rausch's credibility.

Third, the Board found that the circumstances surrounding her termination raise further questions about her credibility. Indeed, Rausch denied certain failures that were allegedly captured on video surveillance and otherwise contradicted by the testimony of her supervisor. Her lack of credibility on these issues certainly is a fair consideration in assessing her credibility in the proceeding.

Although not specifically listed by the Board, we must also consider the direct testimony of four Sears' managers who specifically

inquired of Rausch whether her shoulder and neck issues were work related, and all testified that she denied any such relationship. These witnesses so testified under oath by independent deposition and without any apparent motivation to be untruthful. Moreover, the ALJ reviewed this testimony by reading the deposition transcripts rather than observing live testimony, so he was really not in a position to make an "apples to apples" comparison of witness credibility.

Finally, we must conclude that Rausch's parting statement as she was ushered out of Sears for the last time, that she would "make them pay," must be considered as consistent with a post hoc motivation not only to file her workers compensation claim but also to conform her testimony accordingly.

Although the ALJ found that it was "more probable than not" that Rausch suffered an injury at work and notified Sears accordingly, we note that he made no express veracity determination. He did not, for example, express a finding that Rausch was credible, nor did he find that Rausch was *more* credible than the Sears' witnesses. His findings were based in circumstantial evidence and should be considered at best an implied rather than an express veracity determination. We believe it appropriate for the Board to accord less weight to an implied veracity determination than to an express veracity determination. In fact, it appears that the amended statute may require consideration of only an express determination of veracity.

After examining the record as a whole, we conclude that the Board adequately explained the basis for its decision, and its conclusion that Rausch failed to sustain her burden of establishing an injury arising out of and in the course of her employment is fully supported by the evidence.

Affirmed.